**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

July 03, 2002 12:02

*[signature]*
CLERK

# US District Court
# District of New Mexico
# Digital File Stamp

| Case: | 02cv00394  *CR 99-525 LH* |
|---|---|
| Title: | Swanson v. USA |
| Document Type: | Recommended Finding |
| Document Number: | 8 |
| Description: | RECOMMENDED FINDING by Magistrate Judge Leslie C. Smith on Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 filed April 8, 2002. |
| Total Pages: | 9 |
| Exhibits/Attachment: | 0 |
| Court Signature: | 6e bc 56 57 92 fb 7d 62 bf ba 41 76 ad 4e 06 62 7b ce 04 4e 72 02 1e 40 42 10 ab c4 ac e0 83 e0 61 4a 01 a5 0f 38 bf 71 ca 7c 04 eb bc a9 47 0c 6a ad 72 6e 65 d1 a0 5a 62 5a 2d 03 11 33 45 6b |

This document constitutes an official stamp of the Court and, if attached to the document identified above, serves as an endorsed copy of the pleading. It may be used in lieu of the Court's mechanical file stamp for the named document only, and misuse will be treated the same as misuse of the Court's official mechanical file stamp. The Court's digital signature is a verifiable mathematical computation unique to the filed document and the Court's private encryption key. This signature assures that any change can be detected.



IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                      Civ. No. 02-394 LH/LCS
                                                          CR No. 99-0525 LH

RODNEY WAYNE SWANSON,

    Defendant-Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 filed April 8, 2002 (*Doc. 1*). Plaintiff filed a Response on May 2, 2002 (*Doc.6*). Defendant filed a Traverse on May 17, 2002 (*Doc.7*). The Court having considered the Motion, the Response, the Traverse, and the applicable law, finds that Petitioner's Motion is not well-taken, and should be DENIED.

## PROPOSED FINDINGS

1.    Petitioner is currently incarcerated and proceeding pro se and *in forma pauperis*. Petitioner is confined pursuant to the Judgment in a Criminal Case filed July 27, 2002 in *United States v. Swanson*, CR No. 00-525. Petitioner pled guilty to one count of conspiracy to violate 21 U.S.C. § 841 (b)(1)(c). Gov. Ex. 2, Attach. A. Petitioner was committed to be imprisoned for a total term of 97 months, to be followed by supervised release for a term of three years. *Id.* The Court adopted the factual findings and guideline application in the second amended Presentence

1

Report, with the guideline range determined by the Court to include a total offense level of 30 and a criminal history category of I, resulting in an imprisonment range of 97 to 121 months, and a supervised release range of three years. *Id.*

Petitioner had entered his guilty plea on September 21, 1999. Gov. Ex. 2, Attach. B. The initial Presentence Report calculated Petitioner's offense level to be 25 and his criminal history category to be one (1), including a three-level reduction in offense level for acceptance of responsibility, resulting in a guideline imprisonment range of 57 to 71 months. *Id.* On November 18, 1999, upon his Motion, Petitioner was released from jail to the La Posada Halfway House, pending sentencing. Gov. Ex. 2, Attach. B; *United States v. Swanson*, 253 F.3d 1220, 1222 (10th Cir. 2001), *cert. denied*, 122 S.Ct. 490 (2001). On November 19, 2002, Petitioner failed to return to La Posada, and a warrant for his arrest was issued. Gov. Ex. 2, Attach. B. Petitioner traveled to Missouri with his girlfriend and her children, and did not inform the Court or his attorney of his whereabouts. *Id.* An amended Presentence Report was issued after Petitioner fled. *Id.* Petitioner failed to appear at sentencing on December 21, 1999. *Id.*

Petitioner was arrested on February 10, 2002 in Missouri. Gov. Ex. 2, Attach. B. A search of the home in which Petitioner was residing in Missouri revealed precursor chemicals used in the manufacture of methamphetamine. Petitioner signed a statement of responsibility for the chemicals. *Id.*

Thereafter, a second Amended Presentence Report was issued in which Petitioner's offense level was enhanced by two levels for obstruction of justice; in addition, Petitioner was denied a three-level downward adjustment of his offense level for acceptance of responsibility. Gov. Ex. 2, Attach. B. Petitioner objected to the second amended Presentence Report, claiming

that Petitioner fled the halfway house because of threats made against he and his girlfriend and her children by other inmates who believed he was a "snitch." Gov. Ex. 2, Attach. B; Pet. Ex. C. Petitioner's girlfriend later provided Petitioner's attorney with a letter describing the reasons for Petitioner leaving La Posada, after Petitioner had been arrested in Missouri. Gov. Ex. 2, Attach. B. Petitioner argued that the Court should consider his reasons for flight and should not assess the two-level increase for obstruction of justice. Petitioner claimed that he "intended to return to custody to be sentenced on the fairly generous terms of the plea agreement he made with the government. However, he was arrested before he could turn himself in as he originally intended." *Id.*

Petitioner further objected to the rescission of the three-level reduction for acceptance of responsibility. *Id.* Petitioner argued that although his arrest in Missouri and claimed ownership of chemicals and items used in the manufacture of methamphetamine "would seem to be a resumption of criminal conduct of the type that he pled guilty to and thus inconsistent with acceptance of responsibility for his offense of conviction," the items found, in fact, belonged to two other persons. *Id.* According to Petitioner, the actual owners of the chemicals and items used in the manufacture of methamphetamine has showed up uninvited at the home he was sharing with his girlfriend in Missouri at a time when Petitioner was out of town. *Id.* When Petitioner returned, he took one of his uninvited guests away from the home, intending to tell him to leave Petitioner's home with the chemicals and other items, when Petitioner and his guest were arrested by a local deputy sheriff. *Id.* A search of Petitioner's home thereafter resulted in the discovery of the chemicals and items used in the manufacture of methamphetamine. *Id.* Petitioner argued that he claimed ownership of the items "in order to protect [his girlfriend] from

3

arrest and the loss of her children." Gov. Ex. 2, Attach. B. Petitioner claimed that he had "not demonstrated conduct that is inconsistent with acceptance of responsibility for the offense to which he pled guilty." *Id.* In addition to making written objections, Petitioner raised his objections to the second amended presentence report through counsel in a hearing before the Court. Pet. Ex. C.

After Petitioner was sentenced in this case, the State of Missouri dismissed the criminal charges against Petitioner arising out of his February 10, 2001 arrest and the search of his house. Pet. Ex. A. Petitioner filed a Notice of Appeal on August 7, 2000, challenging: first, the imposition of a two-level increase in offense base level for obstruction of justice for fleeing the halfway house; and, second, the denial of a three-level reduction for acceptance of responsibility after Petitioner was arrested in Missouri and a search of his house resulted in the discovery of precursor chemicals for the production of methamphetamine for which Petitioner assumed responsibility. Gov. Ex. 2. The Tenth Circuit affirmed Petitioner's sentence on June 19, 2001 in a published opinion. Gov. Ex. 1; *United States v. Swanson*, 253 F.3d 1220, 1225 (10th Cir. 2001), *cert. denied*, 122 S.Ct. 490 (2001).

2.  Petitioner requests that the Court vacate, set aside, or correct the sentence imposed and remand for resentencing, with appointment of counsel, granting Petitioner a downward adjustment under U.S.S.G. 3E1.1 for acceptance of responsibility. Petitioner sets forth two interrelated claims: first, whether the District Court erred in failing to grant Petitioner a downward adjustment for acceptance of responsibility, and second, whether the Petitioner should be granted a downward adjustment for acceptance of responsibility based on newly discovered evidence, specifically, the dismissal of criminal charges in the State of Missouri.

3.  In his Motion, Petitioner states that he did not appeal from the judgment of conviction entered against him. Pet. Motion ¶8. Petitioner stated that he did not appeal because he "was advised by Defense Counsel that no issues existed for Appeal from Judgment of Conviction following the imposition of Sentence by the District Court." Def. Motion ¶ 12(d). However, as noted, Petitioner in fact appealed his sentence, which was affirmed by the Court of Appeals. *See United States v. Swanson*, 253 F.3d 1220, 1225 (10th Cir. 2001), *cert. denied*, 122 S.Ct. 490 (2001). Thereafter he petitioned the United States Supreme Court for writ of certiorari, which was denied. *See United States v. Swanson*, 122 S.Ct. 490, 490 (2001).

The Petitioner has fully and fairly litigated the issues of whether the District Court properly imposed a two-level enhancement for obstruction of justice pursuant to Section 3C1.1 of the United States Sentencing Guidelines.

4.  A prisoner in custody under sentence of a court may bring a Motion claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255 (LEXIS 2002).

Only errors which involve "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure'" are cognizable under Section 2255. *United States v. Addonizio*, 442 U.S. 178,185 (1979); *United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998)(internal citations omitted). A nonconstitutional, nonjurisdictional error must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*,

368 U.S. 424, 428 (1962) (internal quotation omitted). This heightened showing applies because "there is no basis . . . for allowing collateral attack 'to do service for an appeal.'" *United States v. Timmreck*, 441 U.S. 780, 784 (1979) (quoting *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Grounds for successful collateral attacks under § 2255 are limited far beyond errors justifying reversal on direct appeal. *United States v. Blackwell*, 127 F.3d 947, 954 (10th Cir. 1997). The remedy of Section 2255 "does not encompass all claimed errors in conviction and sentencing." *Addonizio*, 442 U.S. at 184. An error of law or fact does not provide a basis for collateral attack unless the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Misinformation alone cannot constitute a fundamental defect; only "misinformation of constitutional magnitude" is cognizable under § 2255. *United States v. Blackwell*, 123 F.2d 947, 954 (10th Cir. 1997) (citing *Addonizio*, 442 U.S. at 187; *United States v. Sunrhodes*, 831 F.2d 1537, 1542 (10th Cir. 1987)).

Respondent argues that Petitioner's claims do not implicate federal constitutional rights. Petitioner has not raised jurisdictional or constitutional issues. Rather, Petitioner has questioned, once again, whether the District Court erred in failing to grant his request for a downward adjustment for acceptance of responsibility. Section 3E1.1(a) of the United States Sentencing Guidelines allows for a two-level sentencing decrease if a defendant "clearly demonstrates acceptance of responsibility for his offense." *See* U.S.S.G. § 3E1.1(b). An additional one-level decrease may be available if the defendant provides information to the government or pleads guilty. *Id.* An important consideration in determining whether to grant an adjustment is whether the defendant shows "voluntary termination or withdrawal from criminal conduct or associations."

6

*Id.*, Note 1(b). Although the initial Presentence Report recommended the three-level reduction for acceptance of responsibility for Petitioner, this recommendation was rescinded after he was arrested in Missouri because he "acknowledged ownership of all [methamphetamine paraphernalia] in his residence and further stated he was attempting to manufacture methamphetamine." *United States v. Swanson*, 253 F.3d at 1224 (citing App., vol. III at P 19). Petitioner's arguments are two-fold: first, the District Court should have considered his reasons for fleeing and for assuming responsibility for the methamphetamine manufacturing equipment and chemicals; and second, these reasons constitute the type of extraordinary circumstances where a defendant qualifies for the reduction for acceptance of responsibility despite the applicable of a two-level increase for obstruction of justice. Neither of these arguments involve "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Addonizio*, 442 U.S. 178,185 (1979); *United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998)(internal citations omitted). A nonconstitutional, nonjurisdictional error must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962). Petitioner's claims are thus not cognizable under Section 2255.

5.  Petitioner's second claim is that he is entitled to resentencing based on newly discovered evidence, specifically, the dismissal of the criminal charges against him by the State of Missouri. Petitioner claims that because the criminal charges against him were dismissed by the State of Missouri, there was no basis for the denial of the three-level downward adjustment for acceptance of responsibility. Petitioner argues that "with no substantiated finding that he had in fact been found guilty of the alleged manufacture of methamphatamine [*sic*] and based upon the subsequent

7

dismissal of the criminal charges against him . . . ther [sic] was no creditable [sic] evidence that [Petitioner] has engaged in the alleged criminal conduct." Pet. Brief at 7.

6. Petitioner has not argued that criminal history points were added for the charges brought against Petitioner in Missouri. While the Tenth Circuit has recognized the availability of sentence review upon the invalidation of a predicate offense, such review is only appropriate where the invalidation of the predicate offense may affect the defendant's sentence. *See United States v. Garcia*, 42 F.3d 573, 581-82 (10th Cir. 1994); *United States v. Allen*, 24 F.3d 1180, 1187 (10th Cir.), *cert. denied*, 115 S. Ct. 493 (1994). The Court noted that "'conduct amounting to escape or violation of an appearance bond is certainly evidence of failure to accept responsibility, and this fact alone provides adequate foundation' for denial of the downward adjustment." *United States v. Swanson*, 253 F.3d at 1225 (citing *United States v. Hawley*, 93 F.3d 682, 689 (10th Cir. 1996) and *United States v. Amos*, 984 F.2d 1067, 1073 (10th Cir. 1993)). The denial of the three-level downward adjustment for acceptance of responsibility was thus not solely predicated upon the criminal charges against Petitioner in the State of Missouri, and dismissal of those charges would not affect Petitioner's sentence.

7. The dismissal of the criminal charges against Petitioner thus does not constitute "newly discovered evidence" warranting resentencing under Section 2255. The Motion fails to present a constitutionally cognizable claim.

8. The Motion therefore fails to state a claim for which relief may be granted. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 should be denied.

## RECOMMENDED DISPOSITION

I recommend that Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 filed April 8, 2002 be **DENIED** and that the Motion be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within ten days after a party is serviced with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd., NW, Albuquerque, NM 87102. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE